UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRE'VELLE CROCKETT,<br><br>        Plaintiff,<br><br>    v.<br><br>EVERETT C. COTTRELL, ET. AL.,<br><br>        Defendants. | CASE NO. CV 13-7785-AG-PJW<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO PROSECUTE |

    In October 2013, Plaintiff, proceeding *pro se*, filed this civil rights action against Everett C. Cottrell, a Captain at FCI-Terminal Island Medical Center, and ten other prison officials there, alleging that they violated his constitutional rights when they falsified an incident report, locked him up in the SHU, refused to provide him with a disciplinary hearing so that he could challenge the charges, and retaliated against him when he exercised his constitutional right to speak out. He also alleged that the conditions in the SHU were cruel and unusual.

    In April 2015, Defendants moved for partial summary judgment on four of Plaintiff's claims and for dismissal of the rest. Plaintiff did not oppose the motion. In October 2015, the magistrate judge

recommended partial summary judgment as to the four claims but concluded that Plaintiff should be allowed to proceed on his remaining claims. Plaintiff did not file objections to the Report and Recommendation and the Court adopted it.

Thereafter, the magistrate judge issued a scheduling order with discovery deadlines. On June 8, 2016, Defendants served Plaintiff with a notice of deposition, requests for production, and interrogatories. Plaintiff failed to appear for his deposition. He also failed to respond to the written discovery. On July 19, 2016, Defendants sent Plaintiff a letter asking him to respond to the discovery requests. Plaintiff did not respond.

On July 26, 2016, the Court ordered Plaintiff to provide his phone number, re-schedule his deposition, and respond to discovery. Plaintiff never responded. The Court then issued an order to show cause as to why the case should not be dismissed for failure to prosecute. Plaintiff was warned that failure to respond would result in his case being dismissed. Plaintiff did not appear for the hearing nor did he provide the Court with an explanation as to why he did not appear. In fact, since Plaintiff filed a change of address in October 2014, he has not communicated with the Court.

The Court has authority to dismiss an action for failure to prosecute and for failure to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining district court has authority to dismiss for lack of prosecution to prevent undue delay in disposing of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (finding district courts have authority to dismiss actions for failure to comply with any order of the court).

In determining whether dismissal is appropriate, the Court considers five factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d 1258 at 1260-61.

In this case, the first two factors--the public's interest in the expeditious resolution of litigation and the court's need to manage its docket--weigh heavily in favor of dismissal. Plaintiff's refusal to engage with the Court and Defendants' counsel has caused this case to linger on the docket for almost three years.

As for the third factor--prejudice to Defendants--they have spent considerable time and money defending against this lawsuit and will have to continue to do so until the case is resolved. They are unable to resolve the case, however, if Plaintiff will not cooperate in discovery. Further, as time goes by, the witnesses' memories of the events will likely begin to fade, which could prejudice Defendants at trial.

Although the fourth factor--the public policy in favor of deciding cases on the merits--ordinarily weighs against dismissal, it is Plaintiff's responsibility to move the case along and he has elected not to. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).

Finally, as to the fifth factor--availability of less drastic alternatives--the Court has considered the possibility of alternative sanctions but has been unable to craft an order that would convince Plaintiff to proceed with prosecuting this case. In fact, the Court has tried on several occasions to convince Plaintiff to participate by

threatening to dismiss the case if he did not cooperate but that has had no impact on him. *Ferdik*, 963 F.2d at 1262 (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987)) (explaining, warning a plaintiff that failure to obey a court order will result in dismissal of the case is enough to meet the "consideration of alternatives" requirement). Under these circumstances, dismissal for failure to prosecute is warranted. *See Link*, 370 U.S. at 629-30.

IT IS SO ORDERED.

DATED: August 31, 2016.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\Crockett ORD_Dismiss.Failure to Prosecute.wpd